IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02817-REB-MEH

JUSTIN JOSEPH RUEB,

    Plaintiff,

v.

ARISTEDES ZAVARAS, *et al.*,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court are Plaintiff's Motion to Invalidate and Strike Down 28 U.S.C. § 1915(b)(1) & (2), as Unconstitutional [filed March 12, 2010; docket #32], Plaintiff's Motion to Convene "Three Judge Court" Pursuant to: 28 U.S.C. § 2281 [filed March 12, 2010; docket #33], and Plaintiff's Motion for the Court to Issue and Order Service by the U.S. Marshal's Office, of the Attached Subpoenas Duces Tecums [sic] [filed March 12, 2010; docket #35]. The motions are referred to this Court for disposition. (Dockets ##34, 36.) Based on a clearly established law as described herein, the Court decides these motions without reviewing a response from Defendants. For the reasons stated below, the Court **DENIES** Plaintiff's Motion to Invalidate and Strike Down 28 U.S.C. § 1915(b)(1) & (2), as Unconstitutional and Motion to Convene "Three Judge Court" Pursuant to: 28 U.S.C. § 2281. The Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for the Court to Issue and Order Service by the U.S. Marshal's Office, of the Attached Subpoenas Duces Tecums [sic].

1

I.      *Motion to Invalidate and Strike Down 28 U.S.C. § 1915(b)(1) & (2), as Unconstitutional*

In this motion, Plaintiff requests the Court to "invalidate the mandatory inmate filing fee payment provisions" of the Prison Litigation Reform Act ("PLRA"). (Docket #32 at 1.) Plaintiff believes that the PLRA's filing fee provisions violate the Fourteenth Amendment rights to due process and equal protection of the law. (*Id.*) Plaintiff cites to *Shabazz v. Parsons*, 127 F.3d 1246 (10th Cir. 1997), in support of his request.

*Shabazz* offers no indication that the Tenth Circuit recognizes any unconstitutionality in the PLRA's filing fee requirements. In *Shabazz*, the Tenth Circuit stated that "[c]ourts have considered a variety of challenges to the constitutionality of the [PLRA fee] provisions and have uniformly concluded that the provisions pass constitutional muster." 127 F.3d at 1248. The *Shabazz* Court rejected the plaintiff's challenge to the constitutionality of the PLRA. *Id.* at 1249.

In 2001, the Tenth Circuit conclusively held that "the Prison Litigation Reform Act's requirement for paying a minimal initial partial filing fee, followed by small installments until the entire filing fee is paid, does not constitute an unconstitutional denial of access to the court or otherwise violate [the plaintiff's] constitutional rights." *Baker v. Suthers*, 9 F. App'x 947, 950 (10th Cir. 2001) (citation omitted). The Tenth Circuit emphasized its previous determination that "proceeding *in forma pauperis* in a civil case is a privilege, not a right - fundamental or otherwise." *Id.* (citing *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998), *cert. denied*, 526 U.S. 1008 (1999)).

Here, the Tenth Circuit's conclusion in *Baker* precludes this Court from granting Plaintiff's request, as the law is clearly established regarding the constitutionality of the PLRA's fee provision. Accordingly, Plaintiff's Motion to Invalidate and Strike Down 28 U.S.C. § 1915(b)(1) & (2), as Unconstitutional [filed March 12, 2010; docket #32] is DENIED.

## II. *Motion to Convene "Three Judge Court" Pursuant to: 28 U.S.C. § 2281*

Plaintiff relies on Section 2281 of 28 U.S.C. in bringing this request. Plaintiff asks the District Court to convene a "three judge court" panel to decide his case. (Docket #33 at 1.) Plaintiff asserts that he raises "substantial constitutional claims," therefore the Court is "REQUIRED to convene a three-judge panel" because "these constitutional questions are too significant and substantial for one judge to decide upon alone." (*Id.*).

The plain text of Section 2281 provided that "an interlocutory or permanent injunction restraining the enforcement, operation or execution of a State statute on grounds of unconstitutionality should not be granted unless the application has been heard and determined by a three-judge district court." Dispositively, Congress repealed this statute through Public Law 94-381 on August 12, 1976. Accordingly, Plaintiff's Motion to Convene "Three Judge Court" Pursuant to: 28 U.S.C. § 2281 [filed March 12, 2010; docket #33] is DENIED.

## III. *Motion for the Court to Issue and Order Service by the U.S. Marshal's Office, of the Attached Subpoenas Duces Tecums [sic]*

Plaintiff requests the Court to issue eighteen document production subpoenas. (Docket #35 at 1.) Plaintiff seeks to subpoena the Chief Executive Officers of multiple business entities, at the Court's expense. Regarding this request, the Court recognizes the right of any civil litigant to subpoena documents from third parties pursuant to Fed. R. Civ. P. 45. However, although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). As Plaintiff proceeds *in forma pauperis*, any subpoena served would be served by the United States Marshal. Notably, "[s]ervice by certified mail by the United States Marshals Service provides a fair

3

and economical means of serving process." *Windsor v. Martindale*, 175 F.R.D. 665, 670 (D. Colo. 1997). In order to ensure this expenditure of resources on behalf of Plaintiff is conducted properly, the Court denies Plaintiff's request without prejudice, and orders as follows:

> If the plaintiff submits a new request for subpoenas, it must include (1) the name and address of the witness(es) he wishes to subpoena, and (2) a *detailed* explanation of the purpose of the subpoena regarding the production of documents from the witness. . . . If the plaintiff is seeking production of documents, he must describe the documents with specificity and explain why the documents sought are relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

*Pinson v. Revell*, No. 08-cv-01023-MSK-BNB, 2008 WL 5233592, at *1 (D. Colo. Dec. 15, 2008).

In accordance with this jurisdiction's determinations, Plaintiff should also be prepared to demonstrate that he has made arrangements for the payment of any costs associated with the preparation or copying of documents requested. *Hawkinson v. Montoya*, No. 04-cv-01271-EWN-BNB, 2006 WL 1215397, at *2 (D. Colo. May 4, 2006) (citing *Windsor*, 175 F.R.D. at 670 (stating "being allowed to proceed *in forma pauperis* does not excuse tendering of the required witness fee and mileage" (citations omitted)).

Furthermore, in the Minute Order setting a Preliminary Scheduling/Status Conference in this matter, issued January 12, 2010, the Court explicitly stated that no discovery shall be submitted until after the preliminary scheduling/status conference, unless otherwise ordered or directed by the district judge in this case. (Docket #12.) For this reason and the reasons stated above, the Motion for the Court to Issue and Order Service by the U.S. Marshal's Office, of the Attached Subpoenas Duces Tecums [sic] is DENIED WITHOUT PREJUDICE.

## IV.   *Conclusion*

The Court reminds Plaintiff that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that

is frivolous or malicious." *Roscoe v. Hansen*, 107 F.3d 880, 1997 WL 116992, at *2 (10th Cir. 1997) (citing *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)). "Repetitive, unfounded pro se litigation" may provide grounds for the Court to recommend restricting the ability to initiate suit, whether *pro se* or by paying the filing fee, without first obtaining written permission from the Court. *Id*. As described herein, Plaintiff submitted two legally baseless motions, one which is clearly precluded by Tenth Circuit precedent and one premised on a statute repealed over thirty years ago. The Court emphasizes to Plaintiff at this early stage of the litigation that any inundation of excessive or unnecessary filings will not be tolerated and may be stricken from the docket, within the Court's discretion.

Accordingly, based on the foregoing, the Court **DENIES** Plaintiff's Motion to Invalidate and Strike Down 28 U.S.C. § 1915(b)(1) & (2), as Unconstitutional [filed March 12, 2010; docket #32] and Plaintiff's Motion to Convene "Three Judge Court" Pursuant to: 28 U.S.C. § 2281 [filed March 12, 2010; docket #33]. The Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for the Court to Issue and Order Service by the U.S. Marshal's Office, of the Attached Subpoenas Duces Tecums [sic] [filed March 12, 2010; docket #35].

Dated at Denver, Colorado, this 17th day of March, 2010.

                                          BY THE COURT:

                                          /s/ Michael E. Hegarty

                                          Michael E. Hegarty
                                          United States Magistrate Judge