IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02817-REB-MEH

JUSTIN JOSEPH RUEB,

    Plaintiff,

v.

ARISTEDES ZAVARAS, *et al.*,

    Defendants.

## RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order [filed April 19, 2010; docket #45]. The motion is referred to this Court for recommendation. (Docket #46.) Based on clearly established law, the Court decides this matter without reviewing a reply from Plaintiff in support of his motion. For the following reasons, the Court **RECOMMENDS** Plaintiff's Motion for Temporary Restraining Order be **DENIED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.     Background**

Plaintiff is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Plaintiff initiated this lawsuit proceeding *pro se* on December 2, 2009. (Docket #3.) In his Amended Complaint, Plaintiff brings eighteen claims, with multiple sub-claims, asserting numerous violations of the First Amendment and other constitutional provisions against twenty-two named Defendants. (*See* docket #24.)

In the Motion for Temporary Restraining Order presently before the Court, Plaintiff informs the Court that "prison officials" transferred Plaintiff from his previous "Ad-Seg facility" to the Sterling facility, where Plaintiff is now located. (Docket #45 at 1.) During the transfer process, Plaintiff represents that prison officials confiscated "approximately 2 square cubic feet worth of legal papers . . . and other personal papers." (*Id.*) Plaintiff explains that he was permitted to keep two square cubic feet of paperwork. (*Id.*) Regarding the seized papers, Plaintiff states that prison officials are storing the papers until Plaintiff informs them where the papers can be sent and provides the money to pay for the mailing. (*Id.* at 1-2.) Plaintiff contends he has until April 28, 2010, to provide the money and an outside address, but asserts he has neither. (*Id.* at 1.)

Plaintiff alleges that the prison officials' seizure of his property violates the United States and Colorado Constitutions. (*Id.* at 3.) Plaintiff believes that "this property interest of Colorado prisoners to acquire and possess property has never been put before any Colorado or federal court before." (*Id.*) Plaintiff requests the Court to issue a Temporary Restraining Order against Defendant Zavaras, requiring him to order continued indefinite storage of the confiscated papers. (*Id.*)

Defendants responded, at the direction of the Court. (Dockets ##47, 48.) Defendants assert Plaintiff fails to meet the requisite burden for the issuance of a temporary restraining order, which mirrors that for a preliminary injunction. (Docket #48 at 2.) Defendants contend Plaintiff cannot

establish a substantial likelihood of success on the merits of his motion because "no provision of the Constitution or laws of the United States confers upon an inmate the right to possess property in the prison." (*Id*. at 3.) Defendants state the deprivation of certain papers does not impose an "atypical and significant hardship" on Plaintiff, as required by the Tenth Circuit for the implication of a prisoner's property interest. (*Id*.) In any event, Defendants argue that the property restrictions implemented by the Colorado Department of Corrections ("CDOC") are rationally related to legitimate penological interests. (*Id*. at 4.) Defendants further allege that Plaintiff fails to identify why the potential destruction of the papers would cause irreparable harm. (*Id*. at 5.) Moreover, Defendants believe that issuing a temporary restraining order would damage Defendants, in that the Court's interference with prison policy "would significantly undermine the CDOC's discretion and autonomy." (*Id*.)

For the following reasons, the Court agrees with Defendants, and finds well-settled case law precludes Plaintiff's request for relief. Therefore, the Court recommends denial of Plaintiff's motion.

## II.    Standard of Review

### A.    *Pro Se Pleadings*

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935

3

F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*.

### B. *Temporary Restraining Order*

Issuance of a temporary restraining order is subject to the court's discretion. *Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.,* 64 F.2d 881, 883 (10th Cir. 1933). Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction. 11A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2951 (2d ed. 1995).

A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* (citations omitted). The burden is on the movant to establish his right to the relief requested. *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

### III. Discussion

Here, Plaintiff challenges the exercise of the CDOC's policy regarding the possession of papers by inmates as a violation of his Constitutional right to property. Plaintiff believes the seizure of his papers and the impending destruction of the seized papers in the absence of Plaintiff providing an alternate location and money for mailing are in contravention of the law. The Court disagrees.

In *Searcy v. Simmons*, the Tenth Circuit explained how "it is well-settled that '[w]hile an inmate's ownership of property is a protected property interest that may not be infringed without due process, there is a difference between the right to own property and the right to possess property while in prison." 299 F.3d 1220, 1229 (10th Cir. 2002) (citation omitted). The Tenth Circuit agreed with the lower court's reasoning in that matter, in that "the requirements of procedural due process were met when the prison authorities provided [the prisoner plaintiff] the opportunity to dictate where to send the property" that the authorities had confiscated. *Id*. The *Searcy* Court acknowledged federal prison regulations providing for the destruction of property in the absence of a mailing address for the return of the seized property. *Id*. (regulation citations omitted).

In *Cosco v. Uphoff*, the Tenth Circuit utilized the Supreme Court's analysis in *Sandin v. Conner* to determine that state prison regulations regarding the type and quantity of individual possession in prison cells were valid. 195 F.3d 1221, 1224 (10th Cir. 1999) (citing 515 U.S. 472, 486 (1995)). The *Sandin* test requires the Court to determine whether "the prison condition complained of presents 'the type of atypical, significant deprivation in which a State might conceivably create a liberty [or property] interest.'" *Id*. Important for the matter at hand, the Tenth Circuit had previously concluded that "a prison rule limiting the amount of legal material that a prisoner could retain in his cell was reasonable and necessary and did not violate the constitutional right of access to the Courts." *Clemmons v. Davies*, 86 F.3d 1166, 1996 WL 282283, at *3 (10th Cir. 1996) (unpublished) (citing *Green v. Johnson*, 977 F.2d 1383, 1390 (10th Cir. 1992) (evaluating a prison rule permitting inmates two cubic feet of legal materials in their cells)).

In light of the Tenth Circuit's established analysis of the regulation at issue, that is, the permitting of no more than two cubic feet of paperwork in prison cells, the Court finds Plaintiff establishes little likelihood of success on the merits of his motion. The CDOC provided due process

to Plaintiff by giving him an opportunity to dictate where the papers could be stored. The remaining three required elements for the issuance of a temporary restraining order prompt the same result. Plaintiff alleges no irreparable injury in the absence of injunctive relief; Plaintiff gives no indication that the property could not be reconstructed. In fact, Plaintiff acknowledges he retains two square cubic feet of personal paperwork, that he previously possessed in addition to the seized two square cubic feet. (Docket #45 at 1.)

The Court agrees with Defendants' contention that the issuance of a temporary restraining order under these circumstances would indeed damage Defendants disproportionately to the injury alluded to by Plaintiff. Prison officials retain great discretion in the handling of prison affairs, for the purpose of managing prisons safely and effectively. *See, e.g., Meachum v. Fano*, 427 U.S. 215 (1976). The two square cubic feet limitation has been deemed a permissible regulation and thus not an atypical or significant deprivation, and the Court would be acting in contravention of the law if it overturned the CDOC's compliance with its internal rule. Therefore, the Court, in light of governing precedent, declines to intrude on the CDOC's discretion as Plaintiff requests.

**IV. Conclusion**

Accordingly, the Court **RECOMMENDS** Plaintiff's Motion for Temporary Restraining Order be **DENIED**.[2]

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the

Dated at Denver, Colorado, this 23rd day of April, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).