IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02817-REB-MEH

JUSTIN JOSEPH RUEB,

    Plaintiff,

v.

ARISTEDES ZAVARAS, *et al.*,

    Defendants.

---

# RECOMMENDATION

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Supplemental Motion for Temporary Restraining Order, and/or Motion to Reconsider Any Denials Already Possibly Made Regarding the Original TRO Motion [filed April 27, 2010; docket #63]. The motion is referred to this Court for recommendation. (Docket #64.) As the Court issued a recommendation on the original TRO request, the Court evaluates the motion at hand as a Motion for Reconsideration. (*See* docket #57.) For the following reasons, the Court **RECOMMENDS** Plaintiff's Motion for Reconsideration be **DENIED**.[1]

The Court incorporates by reference the Background in its recommendation on Plaintiff's Motion for Temporary Restraining Order. (*See* docket #57.) The purpose of Plaintiff's request is to preclude prison officials from destroying certain papers previously confiscated and to order the prison officials to continue storing the seized papers until Plaintiff can file a Motion for Preliminary Injunction. Plaintiff states the papers were seized "several weeks ago." (Docket #63 at 1.) The

---

[1]As discussed on the record, if Plaintiff objects to this recommendation, he must do so by the beginning of next week, and he must request expedited review by the District Judge. This results from the Defendants' agreement to delay destruction of the seized papers until after May 7, 2010.

Court held a hearing on this matter on April 29, 2010, to ensure that Plaintiff was provided adequate process by the CDOC in the confiscation of Plaintiff's property. (*See* dockets ##66, 68.)

On the record, Counsel for Defendants represented that Plaintiff was transferred from the Colorado State Penitentiary to the Sterling Correctional Facility at the beginning of April 2010. Counsel for Defendants stated Plaintiff brought more than the permitted amount of personal property and paperwork to Sterling Correctional Facility, thus, Plaintiff was allowed to reduce his personal property and paperwork to one three-foot duffel bag and one two-square cubic foot box of papers. Plaintiff also was permitted the opportunity to mail the remaining materials to a place of his choosing, an opportunity of which he did not avail himself. Plaintiff stated that this was an accurate description of the facts.

In its Recommendation, this Court relied on the standard articulated by *Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005). The *Schrier* standard requires that a party requesting a preliminary injunction (or temporary restraining order) must clearly establish:

(1) the party will suffer irreparable injury unless the injunction issues;

(2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party;

(3) the injunction, if issued, would not be adverse to the public interest; and

(4) there is a substantial likelihood of success on the merits. *Id.* (citations omitted).

Plaintiff bases his Motion for Reconsideration on *Longstreth v. Maynard*, 961 F.2d 895, 903 (10th Cir. 1992). In *Longstreth*, the Tenth Circuit explained that the requirement of a "substantial likelihood of success on the merits" is relaxed when the movant prevails on the remaining three factors. In that case, the "substantial likelihood" factor requires "only that the movant raise 'questions so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry.'" *Id*. (citation omitted). Plaintiff believes he prevails on the

remaining three factors, and raises serious questions implicating more deliberate inquiry regarding success on the merits of his claim.

The Court again disagrees. This District addressed similar facts in *Whitington v. Steinbeck*, No. 07-cv-00663-LTB-KMT, 2009 WL 5491590 (D. Colo. Dec. 9, 2009). In *Whitington*, a CDOC inmate housed at the Sterling Correctional Facility challenged the confiscation of his paperwork. 2009 WL 5491590 at *12. The plaintiff was warned that he had an amount of documents in his cell which exceeded the amount permitted by the CDOC. The plaintiff "was directed to either send the documents to an attorney or destroy them." *Id*. The plaintiff did not do so, thus CDOC prison officials entered his cell and seized the documents, including documents obtained through discovery, court pleadings, and medical records, as well as other property. The plaintiff then moved for a preliminary injunction to return the property. *Id*.

The *Whitington* Court denied the motion for preliminary injunction. The *Whitington* Court found that Plaintiff did not specify any particular documents needed to pursue litigation efforts, and thus did not establish a showing of irreparable harm. *Id*. at *12-13. Regarding the *Whitington* plaintiff's assertion that the confiscation of legal documents would impede the litigation of his claims, the court found that because plaintiff did not take the opportunity to sort through his documents, he did not demonstrate that the alleged injury outweighed the safety interests embodied in the CDOC's regulation. *Id*. at *13. The *Whitington* Court, like this Court in its first recommendation, cited to *Green v. Johnson*, 977 F.2d 1383, 1390 (10th Cir. 1992), in which the Tenth Circuit concluded that the two-cubic feet regulation, as applied to legal materials, is "reasonable and necessary for orderly maintenance of the facility and proper security." *Id*. Moreover, the *Whitington* Court concluded that entering a preliminary injunction as requested by the plaintiff, would actually violated CDOC regulations "directed at institutional safety and security," which is clearly adverse to the public interest. *Id*.

*Whitington* is consistent with Tenth Circuit precedent. In *Cosco v. Uphoff*, the Tenth Circuit utilized the Supreme Court's analysis in *Sandin v. Conner* to determine that state prison regulations regarding the type and quantity of individual possession in prison cells were valid. 195 F.3d 1221, 1224 (10th Cir. 1999) (citing 515 U.S. 472, 486 (1995)). The plaintiffs in *Cosco*, similar to Plaintiff in this matter, asserted that the confiscation of "hobby" and legal materials violated their constitutional rights. *Id*. at 1222. The *Cosco* Court applied the *Sandin* test, which requires the Court to determine whether "the prison condition complained of presents 'the type of atypical, significant deprivation in which a State might conceivably create a liberty [or property] interest.'" *Id*. at 1224. The *Cosco* Court held that the regulations implicating the seizure of property from inmate's cells did (and do) not present an "atypical, significant deprivation" of privileges. Moreover, the *Cosco* Court concluded that conclusory allegations of injury did not provide evidence indicating that the confiscation of documents hindered the *Cosco* plaintiffs' efforts to pursue a legal claim. *Id*.

In light of the described Tenth Circuit precedent, the Court recognizes that the property limitations exercised by the CDOC in this matter are consistent with CDOC regulations and therefore permissible. Plaintiff admits he had the opportunity to narrow down his property and paperwork to fit within the regulation parameters. Similar to the plaintiffs in *Whitington* and in *Searcy*,[2] the CDOC afforded Plaintiff the appropriate due process before seizing the papers by giving him the opportunity to chose which papers to retain and by providing Plaintiff with the opportunity to mail the papers elsewhere. This process, and the validity of the regulation itself, demonstrate to the Court that the

---

[2]The Court cites to *Searcy v. Simmons*, 299 F.3d 1220, 1229 (10th Cir. 2002). In Searcy, the Tenth Circuit agreed with the lower court's reasoning in that matter, in that "the requirements of procedural due process were met when the prison authorities provided [the prisoner plaintiff] the opportunity to dictate where to send the property" that the authorities had confiscated. *Id*. The *Searcy* Court acknowledged federal prison regulations providing for the destruction of property in the absence of a mailing address for the return of the seized property. *Id*. (regulation citations omitted).

4

CDOC's confiscation, and likely subsequent destruction, of Plaintiff's property is a permissible exercise of the CDOC's discretion in the handling of prison affairs.

Considering the *Cosco* holding, this Court finds that it is unlikely that the seizure of papers implicates an access to the courts issue, but out of an abundance of caution, the Court requested Counsel for Defendants to agree to not destroy the papers in question until **May 7, 2010**. This will allow Plaintiff time to object to this second recommendation and seek expedited review by the District Judge.

Accordingly, the Court **RECOMMENDS** Plaintiff's Motion for Reconsideration [filed April 27, 2010; docket #63] be **DENIED**.[3] Considering the timing of this matter, the Court, in addition to filing this recommendation on the CM/ECF system, directs the Clerk of Court to fax this recommendation to Plaintiff at the Sterling Correctional Facility at (970) 521-8225.

Dated at Denver, Colorado, this 29th day of April, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[3]As discussed on the record, if Plaintiff objects to this recommendation, he must do so by the beginning of next week, and he must request expedited review by the District Judge.

5