IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02817-REB-MEH

JUSTIN JOSEPH RUEB,

    Plaintiff,

v.

ARISTEDES ZAVARAS, *et al.*

    Defendants.

_____

**RECOMMENDATION FOR DISMISSAL FOR FAILURE TO PROSECUTE AND
FAILURE TO COMPLY WITH COURT ORDERS**
_____

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to comply with this Court's September 7, 2010 Second Order to Show Cause. (Docket #103.) For the reasons stated below, the Court **RECOMMENDS** this lawsuit be **DISMISSED WITHOUT PREJUDICE**, and Defendants' Motion to Dismiss [filed April 21, 2010; docket #51] be **DENIED AS MOOT**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## I. BACKGROUND

Plaintiff initiated this action *pro se* on December 2, 2009. (Docket #3.) Thereafter, on April 21, 2010, Defendants filed a Motion to Dismiss seeking dismissal of Plaintiff's Amended Complaint. (Docket #51.) The motion was referred to this Court for recommendation. (Docket #53.) Consequently, the Court ordered Plaintiff to file a response to the motion on or before May 17, 2010. (Docket #59.) At Plaintiff's request, the Court twice extended the time for Plaintiff to respond. (*See* dockets ##77 (motion); 80 (order setting deadline at June 14); 88 (second motion); 90 (order setting deadline at July 6).) The Court then issued the first Order to Show Cause in this matter, returnable by Plaintiff on or before July 27, 2010, for failing to timely respond to Defendants' Motion to Dismiss. (Docket #95.) Plaintiff responded on July 26, 2010, and the Court discharged the obligation in the first Order to Show Cause and ordered Plaintiff to file his response to the Motion to Dismiss on or before August 12, 2010. (Docket #98.) Plaintiff filed a motion for leave to file excess pages on August 10, 2010, seeking to file a eighty-nine page response. (Docket #99.) The Court denied this request; however the Court permitted Plaintiff the same number of excess pages permitted to Defendants; that is, thirty-two pages, including a certificate of service. (Docket #101.) The Court instructed Plaintiff to file a response conforming to this page limitation on or before August 26, 2010. (*Id*.)

Plaintiff did not file a response conforming to the page limitation (or any response at all), thus the Court issued a Second Order to Show Cause on September 7, 2010. (Docket #103.) In the Second Order to Show Cause, the Court instructed Plaintiff to file his response to Defendants' Motion to Dismiss, not to exceed thirty-two pages, no later than September 24, 2010. (*Id*. at 2.) The Court warned Plaintiff that Plaintiff may discharge the obligation within the Second Order to Show

Cause only by filing a thirty-two page (or less) response to the pending Motion to Dismiss, and not by filing a response to the order to show cause or by filing a motion for an extension of time. (*Id.*) Plaintiff did not file a response to the motion, but submitted a "Reply to the Magistrate Judge's Order to Show Cause," requesting the Court to discharge the obligation within the Second Order to Show Cause and accept the eighty-nine page response to the pending Motion to Dismiss. (Docket #105 at 4.)

To date, Plaintiff has not appropriately responded to Defendants' Motion to Dismiss, now pending over five months.

**II. DISCUSSION**

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Plaintiff has delayed responding to Defendants' Motion to Dismiss and has disregarded this Court's explicit orders.

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id. See also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or

the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). *See also Hawkinson v. Montoya*, 283 F. App'x 659, at *2 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)). When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiff's failure to properly respond to Defendants' Motion to Dismiss adversely affects Defendants' proceeding in this matter by impeding the Court's ability to review both parties' pleadings for consideration in reaching a fair and just conclusion of Plaintiff's claims. It is true that Plaintiff filed a response; however, Plaintiff's eighty-nine page response fits the description in the Local Rules of a "verbose, redundant, ungrammatical, or unintelligible motion, response, or reply," which may be stricken and may constitute grounds for sanctions. D.C. Colo. LCivR 7.1H. More importantly, the eighty-nine page response did not conform with this Court's explicit instruction of no more than thirty-two pages.

"[W]hen a pro se party files pleadings that are consistently verbose and confusing . . . the imposition of such a page limitation is a permissible and reasonable exercise of discretion." *Murphy v. Colo. Dep't of Corr.*, No. 06-cv-01948-REB-BNB, 2008 WL 496307, at *2 (D. Colo. Feb. 20, 2008). Page limitations are characterized by the Tenth Circuit as a "supervision of litigation" decision, subject to review under an abuse of discretion standard. *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007). The Tenth Circuit recognizes page limitations as a permissible parameter in the filing of dispositive motions and subsequent responses, but advises district courts

to "remain flexible in the application of such a limitation." *Id.*

In *Timmerman*, the Tenth Circuit upheld a district court's decision to limit a response brief to a motion for summary judgment to twenty pages. *Id.* Here, the Court limited both Defendants and Plaintiff to a page limitation of thirty-two pages. In light of Judge Blackburn's standard limitation of fifteen pages for motions and responses, this Court believes thirty-two pages is adequate and reasonable for the adjudication of a motion to dismiss.

In satisfaction of the second factor, Plaintiff's non-compliance with the judicial process by failing to comply with the Court's orders flouts the Court's authority, similar to the Tenth Circuit's determination in *Ehrenhaus*. Additionally, Plaintiff's persistent failure to comply with the Court's orders compels the Court's continuous monitoring of this matter and unnecessary issuance of orders, in turn increasing the workload of the Court and therefore interfering with the administration of justice.

In evaluating the third factor, the Court expressly ordered Plaintiff to respond to the pending Motion to Dismiss, in thirty-two pages or less. The record of Plaintiff's failure to respond to the Court's orders leads the Court to believe Plaintiff is culpable under these circumstances. Furthermore, the warnings in the Court's July 14 and September 7, 2010 Orders to Show Cause gave Plaintiff notice that this suit could be dismissed as a result of his failure to respond in compliance with the Court's page limitation, in satisfaction of the fourth factor.

In considering the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920. *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of

willfulness); *Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) ("We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by his failure to comply with this Court's instruction to respond to the pending Motion to Dismiss with a response not exceeding thirty-two pages. The Court issued two Orders to Show Cause in this matter and three discrete extensions of time to Plaintiff, all related to Plaintiff's initial delay and subsequent refusal to file a timely response conforming to the imposed page limitation. For these reasons, dismissal without prejudice of this action is warranted.

## III.    CONCLUSION

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), the Court hereby **RECOMMENDS** that this matter be **DISMISSED WITHOUT PREJUDICE**, and Defendants' Motion to Dismiss [filed April 21, 2010; docket #51] be **DENIED AS MOOT**.

Dated this 28th day of September, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge