**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  09-cv-02817-REB-MEH

JUSTIN JOSEPH RUEB,

      Plaintiff,

v.

ARISTEDES ZAVARAS, et al.,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION
OR RECUSAL UNDER 28 U.S.C. §§ 144, 455(a) AND 455(b)(1)**

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Recusal of District Judge Robert Blackburn** [#102], filed August 20, 2010.  I deny the motion.

### I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

### II.  STANDARD OF REVIEW

Plaintiff here seeks my disqualification from this case pursuant to 28 U.S.C. § 455, which provides that

      a.      Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

      b.      He shall also disqualify himself in the following circumstances:

       i. Where he has a personal bias or prejudice concerning a party, . . .

28 U.S.C. § 455.  This section requires a judge to recuse himself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." ***Bryce v. Episcopal Church in the Diocese of Colorado***, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted).  The factual allegations of the affidavit plaintiff has submitted in support of his motion need not be accepted as true, and all relevant facts may be considered in evaluating the motion.  ***Hinman v. Rogers***, 831 F.2d 937, 939 (10th Cir. 1987); *see also Hall v. Doering*, 185 F.R.D. 639, 642 (D. Kan. 1999); ***United States v. Roberts***, 947 F.Supp. 1544, 1549 (E.D. Okla. 1996).  Nevertheless, proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias.  ***Hinman***, 831 F.2d at 939; ***Salt Lake Tribune Publishing Co. v. AT & T Corp.***, 353 F.Supp.2d 1160, 1172 (D. Utah 2005).

  Nevertheless, the Tenth Circuit has cautioned that the recusal statutes "must not be so broadly construed that [they] become[], in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." ***United States v. Hines***, 696 F.2d 722, 729 (10th Cir. 1982); ***see also Bryce***, 289 F.3d at 659.  As Congress itself noted in enacting section 455, "each judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision.  Disqualification for lack of impartiality must have a *reasonable* basis." ***See Jackson v. Fort Stanton Hospital and Training School***, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original).

***See also Hinman v. Rogers***, 831 F.2d 937, 939 (10th Cir. 1987) ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."). The inquiry is "limited to outward manifestations and reasonable inferences drawn therefrom," ***In re McCarthey***, 368 F.3d 1266, 1269 (10th Cir. 2004), and "contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person,'" ***United States v. Evans***, 262 F.Supp.2d 1292, 1294 (D. Utah 2003) (citation omitted).

### III.  ANALYSIS

Plaintiff moves for my recusal on the ground that my decision dismissing one of plaintiff's earlier cases, which was overturned on appeal and remanded for further proceedings, as well as my decision adopting the recommendation of the magistrate judge with respect to certain of plaintiff's motions in this case, evidence bias. I disagree, and, therefore, deny the motion.

First, plaintiff's motion is dramatically untimely. "Although this circuit has not attempted to define the precise moment at which a § 455(a) motion to recuse becomes untimely, our precedent requires a party to act promptly once it knows of the facts on which it relies in its motion." ***United States v. Pearson***, 203 F.3d 1243, 1276 (10th Cir.), ***cert. denied***, 120 S.Ct. 2734 (2000). "The judicial process can hardly tolerate the practice of a litigant with knowledge of circumstances suggesting possible bias or prejudice holding back, while calling upon the court for hopefully favorable rulings, and then seeking recusal when they are not forthcoming." ***Franks v. Nimmo***, 796 F.2d 1230, 1234 (10th Cir. 1986). ***See also Pearson***, 203 F.3d at 1276 ("A promptly filed

motion conserves judicial resources and alleviates the concern that it is motivated by adverse rulings or an attempt to manipulate the judicial process."); ***TV Communications Network, Inc. v. ESPN, Inc.***, 767 F.Supp. 1077, 1081 (D. Colo. 1991) ("Motions to recuse cannot be viewed as an additional arrow in the quiver of advocates in the face of adverse rulings.").

Plaintiff claims he "immediately became distressed when [he] discovered that Blackburn had once again been assigned to my most recent case." (**Motion for Recusal** ¶ 13 at 7.) This case was drawn to me on January 4, 2010, and notification mailed to plaintiff the following day. (***See* Order Drawing Case** [#7], filed January 4, 2010; **Letter** [#8], filed January 5, 2010.) Nevertheless, plaintiff waited at least eight months after receiving the allegedly alarming news, and more than three months after receiving the benefit of my rulings on several of his motions (***see* Order Overruling Objections to and Adopting Recommendations of the United States Magistrate Judge** [#73], filed May 7, 2010), before moving for my recusal. Although plaintiff asserts that he was waiting for Department of Corrections personnel to produce copies of my dismissal order and the Tenth Circuit's remand order in the earlier case, he readily admits that "copies of all the documents mentioned in [his] affidavit still exist in the court's files[.]" (**Motion for Recusal** ¶ 13 at 7.) The motion, therefore, is subject to denial on the basis of untimeliness alone.

Second, and substantively, the motion has no merit. Plaintiff's evidence of my supposed bias is premised entirely on adverse rulings in this case and an earlier proceeding that was assigned to me. Under the "extrajudicial source" doctrine,

however, such decisions rarely are sufficient to merit recusal:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994) (internal citation omitted); *see also United States v. Young*, 45 F.3d 1405, 1415 (10th Cir.), *cert. denied*, 115 S.Ct. 2633 (1995). Thus, recusal on the basis of unfavorable rulings or knowledge of the parties, their counsel, and the litigation formed in the course of presiding over the case is limited to those extraordinary situations in which the circumstances "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 114 S.Ct. at 1157.

Plaintiff has failed to demonstrate that this high threshold has been met in this case. Other than the fact that prior rulings went against him, plaintiff cites nothing to suggest that they demonstrate the kind or degree of bias or prejudice that would warrant recusal:

> Not *all* unfavorable disposition towards an individual (or his case) is properly described [as bias or prejudice]. . . . The words connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon

>knowledge that the subject ought not to possess . . . or
>because it is excessive in degree[.]

*Liteky*, 114 S.Ct. at 1155 (emphasis in original).  Nothing in plaintiff's motion or affidavit, or in the record of this case, suggests that my rulings in the prior case were anything more than mistaken, or that my decisions in the instant case have been mistaken at all, let alone the result of bias or prejudice.

**THEREFORE IT IS ORDERED** that plaintiff's **Motion for Recusal of District Judge Robert Blackburn** [#102], filed August 20, 2010, is **DENIED**.

Dated November 2, 2010, at Denver, Colorado.

**BY THE COURT:**

*[signature]*
Robert E. Blackburn
United States District Judge