**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-02817-REB-MEH

JUSTIN JOSEPH RUEB,

    Plaintiff,

v.

ARISTEDES ZAVARAS, et al.,

    Defendants.

**ORDER SUSTAINING OBJECTIONS TO AND REJECTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation for Dismissal for Failure To Prosecute and Failure To Comply with Court Orders** [#106] filed September 28, 2010; and (2) plaintiff's **Objection to the Magistrate's Findings, Orders, and Recommendations** [#107] filed October 13, 2010.  I respectfully reject the recommendation, sustain the objection, and direct the Clerk of the Court to accept plaintiff's brief in response to defendants' motion to dismiss for filing as of the date of this Order.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  Moreover, because petitioner is proceeding *pro se*, I have construed her pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  ***See Erickson v.***

*Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The facts underlying the magistrate judge's recommendation to dismiss this case as a sanction for failing to comply with duly issued orders of the court are set forth in detail in the recommendation itself and need not be repeated here. Suffice it to say that plaintiff failed to comply with the magistrate judge's directive to file a brief that complied with the page limitations imposed by the judge. My Civil Practice Standards impose page limitations, and in general, I demand adherence to the parameters set forth therein. Nevertheless, while the Tenth Circuit has confirmed that the district courts have discretion to supervise their dockets by imposing reasonable page limitations on briefs and other papers, it also has cautioned the courts to "remain flexible in application of such a limitation." *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007).

Although I recognize that the magistrate judge attempted to be sensitive to these competing consideration in fashioning his orders, I find that requiring plaintiff to adhere to the page limitations imposed by the magistrate judge, at least in the context of the instant motion, would be unreasonable. While I do not mean to suggest that either party in this case may take my ruling in this discrete instance as *carte blanche* to file a brief of any length regardless of the circumstances, given the number and nature of plaintiff's claims and the consequences to plaintiff if the motion to dismiss is granted, whether in

whole or in part, I cannot say that his eighty-nine page response is not warranted or otherwise inappropriate. Moreover, while I do not intend either to overlook or to countenance the willful failure to abide by court orders, I cannot find that plaintiff's failure to comply with the orders of the court in this instance was of such a degree as to warrant the extreme sanction of dismissal of his claims.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation for Dismissal for Failure To Prosecute and Failure To Comply with Court Orders** [#106] filed September 28, 2010, is **REJECTED**;

2. That the objections stated in plaintiff's **Objection to the Magistrate's Findings, Orders, and Recommendations** [#107], filed October 13, 2010, are **SUSTAINED**;

3. That the Clerk of the Court is **DIRECTED** to accept plaintiff's **Memorandum of Law in Opposition to the "Defendants' Motion To Dismiss Plaintiff's Amended Complaint,"** appended to **Plaintiff's Motion for Leave To Exceed Page Limitation** [#99] filed August 10, 2010, as of the date of this Order; and

4. That the time for defendants to file a reply, if any, **SHALL BE CALCULATED** according to D.C.COLO.LCivR 7.1C., and **SHALL RUN** from the date of this order.

Dated November 2, 2010, at Denver, Colorado.

                                               **BY THE COURT:**

*[Signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge