IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02817-REB-MEH

JUSTIN JOSEPH RUEB,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
SUSAN JONES,
DENNIS BURBANK,
ANTHONY DECESARO,
LARRY REID, and
WILLIAM RICHTER,

    Defendants.

---

# RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Plaintiff's "Motion and Declaration for the Issuance of a Temporary Restraining Order and Preliminary Injunction" [filed June 10, 2011; docket #142]; "Motion for Order Ordering the Defendants to Preserve Evidence and to Produce Evidence during the Upcoming 'Motion for Temporary Restraining Order' Hearing" [filed June 13, 2011; docket #145]; "Motion for Indefinite Extension of Time to File: 'Motion to Alter and Amend Judgement'; 'Motion to Amend Complaint'' and the Proposed '2nd Amended Complaint'" [filed June 13, 2011; docket #146]; and "Motion for Order Ordering the Defendants to Preserve Evidence, and to Produce Evidence for T.R.O. Hearing" [filed June 14, 2011; docket #149].[1] The motions are referred to this Court for

---

[1] Plaintiff refers to an upcoming hearing regarding his motion for temporary restraining order in three of the four motions. The Court has not scheduled a hearing, and as the Court recommends the denial of Plaintiff's meritless request for a temporary restraining order, no hearing will be set,

1

disposition. (Dockets ##143, 148, 150.) For the reasons stated below and the entire record herein, the Court **RECOMMENDS** Plaintiff's motion for temporary restraining order [docket #142] be **DENIED**, and the Court **DENIES** the remaining three motions [dockets ##145, 146, 149].[2]

## I. Background

Plaintiff, contrary to court orders, seeks to file a Second Amended Complaint far exceeding the scope defined by the District Court in its March 7, 2011 order. (Docket #125.) The District Court dismissed all but part of one of Plaintiff's claims and gave permission for Plaintiff to file a Second Amended Complaint, limited to Claim 5(b) only, no later than April 25, 2011. (*Id*. at 19-20 (emphasis added).) On March 21, 2011, Plaintiff asked the Court to stay the effect of the March 7, 2011 order and to permit Plaintiff through May 2, 2011, to file a Second Amended Complaint, which would "completely" amend the complaint dismissed in large part by the District Court. (Docket #126.) This Court denied Plaintiff's request and explained to Plaintiff that the proper mechanism for challenging the March 7, 2011 order would be an appropriate motion under Fed. R. Civ. P. 59 or 60. (Docket #129.)

---

absent an order by the District Court requiring otherwise.

[2]A judicial officer may rule on a motion at any time after it is filed. D.C. Colo. LCivR 7.1C. Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

On April 19, 2011, Plaintiff filed a motion for an extension of time to file a Second Amended Complaint and a motion for reconsideration. (Docket #131.) The Court denied this motion without prejudice for Plaintiff's failure to comply with D.C. Colo. LCivR 5.1G, governing the inclusion of a certificate of service. (Docket #133.) Plaintiff filed an additional motion supplementing the first motion for extension of time. (Docket #134.) Plaintiff asked for an extension of time through May 30, 2011, to file a motion to alter and amend judgment. Plaintiff also again referred to the "2nd Amended Complaint," consisting of "several hundred pages." The Court denied this request as moot, as Fed. R. Civ. P. 60(c) provides for an extended time frame in which to file a motion pursuant to Fed. R. Civ. P. 60(b). (Docket #136.) However, in consideration of Plaintiff's *pro se* status, the Court *sua sponte* granted an extension of time in which Plaintiff could file a Second Amended Complaint, limited to Claim 5(b) only (as stated in the District Court's March 7, 2011 order), up to and including May 25, 2011. (*Id*.; *see also* docket #125 at 20.)

Plaintiff failed to meet the extended May 25, 2011 deadline. The Court thus issued an Order to Show Cause based on Plaintiff's failure to prosecute this action on May 31, 2011. (Docket #137.) Plaintiff then filed a third motion for extension of time on June 1, 2011. (Docket #139.) Plaintiff again referred to a proposed Second Amended Complaint necessitating a "5-page 'INDEX,'" which Plaintiff included as an attachment to this motion. Review of the proposed Index demonstrates to the Court that the Second Amended Complaint Plaintiff seeks to file clearly exceeds the scope of the permission granted in the original March 7, 2011 order.[3] (*Id*. at 5-9 (proposed index).) The Court, again considering Plaintiff's *pro se* status, granted Plaintiff's request only to the extent that Plaintiff could file the defined Second Amended Complaint, limited to Claim 5(b) only and subject to court

---

[3] Without making any premature findings, the Court notes that many of the entries listed in the proposed Index appear to be directly repetitive of claims already dismissed in this action.

approval, on or before June 13, 2011.[4] (Docket #141.) To date, Plaintiff has not filed a proposed Second Amended Complaint limited to Claim 5(b), as provided for over three months ago in the March 7, 2011 order.

## II.     Motions Presently Before the Court

### A.     *Plaintiff's Motion for Temporary Restraining Order and Two Motions for Order*

Plaintiff's motion for temporary restraining order and the two motions for an order directing Defendants to preserve evidence arise from the same event, assuming the veracity of Plaintiff's factual allegations. (Dockets ##142, 145, 149 (motions).) This Plaintiff, like any other plaintiff, is obligated to serve a copy of any filing on the opposing side pursuant to Fed. R. Civ. P. 5 and D.C. Colo. LCivR 5.1G. Plaintiff claims he cannot pay the photocopying costs imposed by the correctional facility where he is incarcerated; thus, he mailed a motion to alter and amend judgment, motion for leave to file an amended complaint and the proposed "326-page" Second Amended Complaint to a local attorney who would make copies on Plaintiff's behalf. Plaintiff recounts that on June 7, 2011, he received the box of these documents back from the local attorney, who was unable to make the copies. (Docket #142.) In addition to the documents, the attorney also included certain "legal research catalog materials" in the package to Plaintiff. Plaintiff states that prison officials, after inspecting the contents of the package in Plaintiff's presence, seized all of the documents, including the two motions and the proposed Second Amended Complaint, because of "the 6 or 7 sheets of 'Penthouse' magazine . . . [and] the 5 merchandise catalogs." (*Id.* at 3.)

In the motion for temporary restraining order, Plaintiff asks the Court to order the prison officials (unnamed except for a "Lt. Bernadette Scott") to return the seized legal documents and

---

[4] In light of the motion for extension of time, the Court discharged the obligation in the Order to Show Case issued May 31, 2011.

"legal-research catalogs" to Plaintiff. (Docket #142 at 6.) In the motions for order, Plaintiff requests that the Court issue a "preliminary order" instructing Defendants to not destroy the contents of the package Plaintiff received from the local attorney and to preserve all "internal facility e-mail[s]" referring to the seizure of these documents. (Docket #145 at 2; docket #149 at 2.)  Again, Plaintiff does not identify the prison officials who seized the materials, other than Lt. Scott and "Major 'Mary Cox.'" (Docket #145 at 1; docket #149 at 1.)

The Court has no jurisdictional basis upon which to grant these motions, in the absence of an operative complaint. *See* D.C. Colo. LCivR 65.1A (instructing that a motion for a temporary restraining order shall be filed separately from the complaint). There is no pleading presently governing this action, and the named Defendants who are within the Court's jurisdiction are not identified as the alleged wrong-doers in Plaintiff's requests. The Court declines to *sua sponte* exercise jurisdiction over the two nonparties identified by Plaintiff in these motions (Lt. Scott and Major Cox).  Even if the Court were inclined to do so, Plaintiff fails to meet the requisite legal standard for the issuance of a temporary restraining order; in fact, Plaintiff makes no mention of the standard in his motion.[5]  *See Rueb v. Zavaras*, No. 09-cv-02817-REB-MEH, 2010 WL 1856004, at *1 (D. Colo. Apr. 29, 2010) (articulating legal standard for issuance of preliminary injunction or temporary restraining order).

Regarding Plaintiff's requests for an order instructing the nonparties to preserve evidence (referring to internal facility emails), the Court declines to do so in the context of these allegations. The federal courts are not equipped to micro-manage the discovery conduct of litigants. Parties are

---

[5] The legal standard for issuance of a temporary restraining order requires the consideration of the likelihood of the movant's success on the merits of the lawsuit. Here, there is no governing complaint, thus the Court cannot consider the likelihood of success on the merits.

under the ongoing obligation to "preserve documents that may be relevant to pending or imminent litigation." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 620 (D. Colo. 2007) (citation omitted). If a party violates this duty, "[t]he court has inherent power to impose sanctions for the destruction or loss of evidence." *Id.* (citation omitted). Thus, recourse exists for improper litigation conduct. The Court will not prematurely police prison officials exercising their discretion in the management of prison affairs, particularly when the Court lacks jurisdiction over such individuals.[6]

### B.     *Plaintiff's Motion for Indefinite Extension of Time*

In the "Motion for Indefinite Extension of Time . . . ," the Court construes three requests: 1) stay the deadlines for filing a Fed. R. Civ. P. 60(b) motion and a motion for leave to file a Second Amended Complaint; 2) appoint counsel; and 3) reconsider Plaintiff's request for free and unlimited access to photocopying legal documents. The Court denies the request for appointment of counsel, for the same reasons stated in its February 3, 2010 order on the same issue. (Docket #16.) As to Plaintiff's request for an "indefinite" extension of time, the Court again refers Plaintiff to Fed. R. Civ. P. 60(c), which provides for the timing of a motion for relief from judgment.[7] Plaintiff may file a motion for relief from judgment under Fed. R. Civ. P. 60(b) within "a reasonable time" but no later than one year from the date of the final order, as prescribed by Fed. R. Civ. P. 60(c). One year has not passed; thus, this request is denied as moot.

Regarding an extension of time to file the Second Amended Complaint proposed by Plaintiff, the Court will grant one last extension in which Plaintiff may file a Second Amended Complaint

---

[6]Prison officials retain great discretion in the handling of prison affairs, for the purpose of managing prisons safely and effectively. *See, e.g., Meachum v. Fano*, 427 U.S. 215 (1976).

[7]The time has already passed for the filing of a Rule 59(e) motion.

compliant with the limitation set forth in the District Court's March 7, 2011 order. Any proposed Second Amended Complaint not limited to Claim 5(b) will be stricken.[8] *See Gillon v. Fed. Bureau of Prisons*, No. 10-1425, 2011 WL 2023411 (10th Cir. 2011) (unpublished) (affirming the district court's dismissal of the plaintiff's case for his lack of prosecution, because the plaintiff failed to comply with the district court's instruction regarding the filing of an amended complaint). Plaintiff may file the proposed Second Amended Complaint limited to Claim 5(b) on or before **July 7, 2011**, which is exactly four months from the issuance of the District Court's order. No further extensions of time will be granted.

The Court, upon reconsideration of its previous minute order denying the same request, stands by its earlier decision evaluating Plaintiff's request for free and unlimited photocopying of his legal documents. (Docket #19.) "A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine, particularly when as here, there are suitable alternatives." *Holt v. Werholtz*, 185 F. App'x 737, 740 (10th Cir. 2006) (citing *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980)). The suitable alternative, as in *Holt* and *Harrell*, is producing hand-written copies. The Court speculates that Plaintiff would not want to rewrite the multiple hundreds of pages of his proposed Second Amended Complaint; however, the Court explained above that such proposed complaint would not be accepted in any event, at least not in this proceeding.[9]

---

[8]To reiterate, a motion for leave to amend is not a proper mechanism for challenging an order dismissing claims. Such order constitutes law of the case, which is inappropriate for reconsideration pursuant to Fed. R. Civ. P. 15. Although "[t]he Federal Rules of Civil Procedure do not recognize a 'motion to reconsider,'" a litigant who is subject to an adverse judgment, and who seeks reconsideration of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[9]Notably, such a lengthy complaint restating claims already disposed of as a matter of law would likely not withstand the "concise and direct" requirement prescribed by Fed. R. Civ. P. 8.

The Court again notes that the Bureau of Prison's Executive Order setting the price of photocopies in the federal prison system was issued in June 2008. (Docket #17 at 1, 8.) Plaintiff initiated this action in December 2009. (*See* docket #3.) Thus, Plaintiff had plenty of notice as to the potential cost of filing and prosecuting a civil lawsuit. *Pro se* status does not excuse the obligation of a *pro se* litigant to comply with the same rules of procedure that govern other litigants.[10] *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Policy considerations further support the Court's determination on this issue. Making a special allowance for this Plaintiff under these circumstances, fairly common to most *pro se* prisoner plaintiffs, could very well open the proverbial floodgates of requests for excusal from the prescribed rules of procedure. The Court finds no extenuating circumstances here that would justify such favorable treatment. Thus, this request is denied for the second time.

**III.   Conclusion**

Accordingly, for the reasons stated above, the Court **RECOMMENDS** Plaintiff's "Motion and Declaration for the Issuance of a Temporary Restraining Order and Preliminary Injunction" [filed June 10, 2011; docket #142] be **DENIED**; and

The Court **DENIES** Plaintiff's "Motion for Order Ordering the Defendants to Preserve Evidence and to Produce Evidence during the Upcoming 'Motion for Temporary Restraining Order' Hearing" [filed June 13, 2011; docket #145]; "Motion for Indefinite Extension of Time to File: 'Motion to Alter and Amend Judgement'; 'Motion to Amend Complaint'' and the Proposed '2nd Amended Complaint'" [filed June 13, 2011; docket #146]; and "Motion for Order Ordering the

---

[10]Moreover, Plaintiff presents no legal authority indicating it would be appropriate for the Court to excuse *pro se* parties from compliance with certificate of service obligations.

Defendants to Preserve Evidence, and to Produce Evidence for T.R.O. Hearing" [filed June 14, 2011; docket #149].

Defendants need not respond to the motion for temporary restraining order. (*See* docket #144.) Plaintiff may file the proposed Second Amended Complaint limited to Claim 5(b) on or before **July 7, 2011**.

Dated at Denver, Colorado, this 16th day of June, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge