IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02817-RBJ-MEH

JUSTIN JOSEPH RUEB,

        Plaintiff,

v.

ARISTEDES ZAVARAS,
SUSAN JONES,
DENNIS BURBANK,
ANTHONY DECESARO,
LARRY REID, and
WILLIAM RICHTER,

        Defendants.

---

## ORDER DISMISSING WITH PREJUDICE

---

### I.    BACKGROUND

Plaintiff initiated this action *pro se* on December 2, 2009 with a complaint stating four

claims against two defendants.  (Docket #3.)  The Court conducted an initial review of the

complaint pursuant to D.C. Colo. LCivR 8.2C and determined it was not appropriate for summary

dismissal.  The case was then drawn to Judge Robert E. Blackburn and to Magistrate Judge

Hegarty for adjudication.  On September 26, 2011 the case was reassigned to Judge R. Brooke

Jackson.

On February 16, 2010 plaintiff filed a motion for leave to amend his initial complaint.

Pursuant to Fed. R. Civ. P. 15(a)(1)(B) (2010), the Magistrate Judge accepted plaintiff's

Amended Complaint as filed pursuant to plaintiff's right to amend once as a matter of course.

(Docket #23.)  The Amended Complaint greatly expanded this action to 22 defendants and 46

1

claims, including subparts.  (Docket #24.)  The defendants responded to plaintiff's Amended

Complaint with a motion to dismiss on April 21, 2010.  (Docket #51.)  After significant delay due

to wrangling over page limitations and extensions of time in which to respond, plaintiff responded

to the motion to dismiss on August 10, 2010, which was accepted by the Court as a proper

response on November 2, 2010.  (*See* dockets ##109, 110.)

In adjudicating the motion to dismiss, this Court dismissed all but part of one of

plaintiff's claims and gave permission for plaintiff to file a Second Amended Complaint, limited

to Claim 5(b) only, no later than April 25, 2011.  (Docket #125 at 19-20.)  On March 21, 2011

plaintiff asked the Court to stay the effect of the March 7, 2011 order and to allow plaintiff

through May 2, 2011 to file a Second Amended Complaint, which would "completely" amend

the Amended Complaint dismissed in large part.  (Docket #126.)  The Magistrate Judge denied

plaintiff's request and explained to plaintiff that the proper mechanism for challenging the March

7, 2011 order would be an appropriate motion under Fed. R. Civ. P. 59 or 60.  (Docket #129.)

On April 19, 2011 plaintiff filed a motion for an extension of time to file a Second

Amended Complaint and a motion for reconsideration.  (Docket #131.)  The Court denied this

motion without prejudice for plaintiff's failure to comply with D.C. Colo. LCivR 5.1G, governing

the inclusion of a certificate of service.  (Docket #133.)  Plaintiff filed an additional motion

supplementing the first motion for extension of time.  (Docket #134.)  Plaintiff asked for an

extension of time through May 30, 2011 to file a motion to alter and amend judgment.  Plaintiff

again referred to the "2nd Amended Complaint," consisting of "several hundred pages."  The

Court denied this request as moot, as Fed. R. Civ. P. 60(c) provides for an extended time frame in

which to file a motion pursuant to Fed. R. Civ. P. 60(b).  (Docket #136.)  However, in

consideration of plaintiff's *pro se* status, the Court *sua sponte* granted an extension of time in

2

which plaintiff could file a Second Amended Complaint, limited to Claim 5(b) only (as stated in the March 7, 2011 order), up to and including May 25, 2011. (*Id*.; *see also* docket #125 at 20.)

Plaintiff failed to meet the extended May 25, 2011 deadline. The Magistrate Judge thus issued an Order to Show Cause based on Plaintiff's failure to prosecute this action on May 31, 2011. (Docket #137.) Plaintiff then filed a third motion for extension of time on June 1, 2011. (Docket #139.) Plaintiff again referred to a proposed Second Amended Complaint necessitating a "5-page 'INDEX,'" which plaintiff included as an attachment to his motion. Review of the proposed Index demonstrated to the Court that the Second Amended Complaint plaintiff sought to file exceeds the scope of the permission granted in the original March 7, 2011 order. (*Id*. at 5-9 (proposed index)). The Court, again considering plaintiff's *pro se* status, granted Plaintiff's request only to the extent that Plaintiff could file the defined Second Amended Complaint, limited to Claim 5(b) only and subject to court approval, on or before June 13, 2011. (Docket #141.) In light of the motion for extension of time, the obligation in the Order to Show Cause issued May 31, 2011 was discharged.

Plaintiff then filed a "Motion and Declaration for the Issuance of a Temporary Restraining Order and Preliminary Injunction" on June 10, 2011 (docket #142), a "Motion for Order Ordering the Defendants to Preserve Evidence and to Produce Evidence during the Upcoming 'Motion for Temporary Restraining Order' Hearing" and a "Motion for Indefinite Extension of Time to File: 'Motion to Alter and Amend Judgement'; 'Motion to Amend Complaint'' and the Proposed '2nd Amended Complaint'" on June 13, 2011 (dockets ##145, 146), and a "Motion for Order Ordering the Defendants to Preserve Evidence, and to Produce Evidence for T.R.O. Hearing" on June 14, 2011 (docket #149). The Magistrate Judge disposed of these motions on June 16, 2011, in a combined recommendation and order. The Magistrate Judge gave plaintiff one last extension of

3

time in which to file a Second Amended Complaint compliant with the limitation set forth in the

Court's March 7, 2011 order, on or before July 7, 2011, exactly four months from the issuance of

the order.  The Magistrate Judge warned plaintiff that any proposed Second Amended Complaint

not limited to Claim 5(b) would be stricken.

Plaintiff did not meet the July 7, 2011 deadline.  On August 1, 2011 plaintiff filed two

motions: one requesting the voluntary dismissal of Claim 5(b) and one seeking leave to file the a

Second Amended Complaint.  Plaintiff included the proposed Second Amended Complaint with

his motion.  The proposed Second Amended Complaint greatly exceeds the scope of the

permission granted to plaintiff by this Court in the March 7, 2011 order, as it names 55

defendants and brings 36 claims with multiple subparts, many of which are simple restatements of

claims already adjudicated by this Court in this proceeding.  (Docket #163-1 at 1-6).  The

proposed Second Amended Complaint also seeks to join six other inmates as plaintiffs.  (*See*

dockets ##163-1 at 1; 163-9 at 5).

The next day, on August 2, 2011, this Court issued an Order to Show Cause, requiring

plaintiff to show cause on or before September 1, 2011, as to why this lawsuit should not be

dismissed for failure to prosecute or as a sanction pursuant to Fed. R. Civ. P. 41(b) or otherwise

for failure to comply with the duly issued orders of the court.  The Court recounted that it granted

plaintiff leave to file a second amended complaint limited only to Claim 5(b) by no later than

April 25, 2011.  To date, and despite numerous extensions granted by the Magistrate Judge,

plaintiff failed to comply with the lawful and duly issued orders of the court to submit a

compliant amended complaint within a reasonable time.  For the reasons stated below and the

entire record herein, the Court concludes that dismissal with prejudice is warranted here, for

plaintiff's continuing willful failure to comply with court orders and essentially abusive litigation

conduct.

## II.    DISCUSSION

Although plaintiff proceeds without an attorney, he bears the responsibility of prosecuting this case with due diligence.  The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  Plaintiff has disregarded this Court and the Magistrate Judge's explicit orders regarding the timely filing of a limited Second Amended Complaint, thereby unduly delaying the resolution of this matter and unduly prejudicing defendants by making the complaint a moving target.

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).  Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order.  *See id.; See also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  *See also Hawkinson v. Montoya*, 283 F. App'x 659, at *2 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

Typically, noncompliance with procedural orders results in dismissal without prejudice. *See Gillon v. Fed. Bureau of Prisons*, No. 10-1425, 2011 WL 2023411 (10th Cir. 2011)

(unpublished) (affirming the district court's dismissal without prejudice of the plaintiff's case for his lack of prosecution, because the plaintiff failed to comply with the district court's instruction regarding the filing of an amended complaint); *Todd v. Patterson*, 397 F. App'x 473 (10th Cir. 2010) (unpublished) (affirming dismissal with prejudice for failure to state a claim and for failure to comply with a court order to amend a deficient complaint); *Griffin v. Dunn*, 355 F. App'x 238 (10th Cir. 2009) (affirming dismissal without prejudice of case where pro se plaintiff failed to comply with an order instructing him to file an amended complaint); *Durham v. Lappin*, 346 F. App'x 330 (10th Cir. 2009) (affirming dismissal without prejudice of a pro se prisoner plaintiff's lawsuit because the prisoner failed to comply with court order to file an amended complaint on the court-approved complaint form); *Wallin v. Dycus*, 224 F. App'x 734 (10th Cir. 2007) (affirming dismissal without prejudice based on pro se prisoner plaintiff's failure to timely file an amended complaint).

However, dismissal with prejudice may be appropriate in certain circumstances. "Dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citations omitted). "Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'" *Ehrenhaus*, 965 F.2d at 920. Dismissal with prejudice should occur only where there has been a "clear record of delay or contumacious conduct by the plaintiff." *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988) (citation omitted).

In *Ehrenhaus*, the Tenth Circuit affirmed the dismissal of the plaintiff's claims with prejudice. The *Ehrenhaus* plaintiff wilfully failed to comply with two court orders. 965 F.2d at 922. In *Cosby v. Meadors*, 351 F.3d 1324, 1331-32 (10th Cir. 2003), the Tenth Circuit affirmed

6

the dismissal of the plaintiff's claims with prejudice, even though the plaintiff was an inmate proceeding *pro se*, because he did not comply with the court orders outlining his filing fee payment obligations.

Here, not only did plaintiff not comply with court orders, plaintiff also impeded Defendants' ability to proceed in this litigation by not timely filing an operative complaint and by attempting to use the leniency of the court in granting him extensions of time for compliance to file a redundant and excessive proposed second amended complaint.  Comparing this plaintiff's conduct to that of the *Ehrenhaus* and *Cosby* plaintiffs, the Court concludes that dismissal with prejudice is an appropriate sanction.

When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d at 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, plaintiff's failure to timely file a governing pleading conforming to the ordered limitation adversely affects defendants' proceeding in this matter by keeping the lawsuit in limbo.  The absence of a governing pleading impedes the Court's ability to review both parties' pleadings for consideration in reaching a fair and just conclusion of plaintiff's claims.  Moreover, a constant allusion to an excessive second amended complaint, after greatly expanding the scope of the litigation with the filing of the amended complaint, makes the potential claims at issue moving targets.  The jockeying by plaintiff for more time, coupled with failure to comply with ordered deadlines, is not consistent with the true adjudication of an adverse

and non-frivolous dispute.

In satisfaction of the second factor, plaintiff's continued non-compliance with the judicial process by failing to comply with the Court's orders throughout the entire litigation flouts the Court's authority, similar to the Tenth Circuit's determination in *Ehrenhaus*.  Additionally, plaintiff's persistent failure to comply with the Court's orders compels the Court's continuous monitoring of this matter and unnecessary issuance of orders, in turn disproportionately increasing the workload of the Court and therefore interfering with the administration of justice.

In evaluating the third factor, the Court expressly ordered plaintiff to comply with the March 7, 2011 order's limitation on filing a second amended complaint and provided plaintiff multiple opportunities to do so.  The record of plaintiff's failure to comply with the Court's orders leads the Court to believe plaintiff is willfully culpable under these circumstances.  Furthermore, the warnings in the Court's July 14, 2010, September 7, 2010, May 31, 2011, and August 2, 2011Orders to Show Cause gave plaintiff ample notice that this suit could be dismissed as a result of his failure to prosecute this action by properly complying with Court orders of any kind, in satisfaction of the fourth factor.

In considering the fifth factor regarding efficacy of lesser sanctions, the Court concludes that dismissal with prejudice is warranted here.  As stated, dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases.  *Ehrenhaus*, 965 F.2d at 920.; *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness); *Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) ("We caution, however, that our review of Plaintiff's egregious misconduct should not be

interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice."). Considering plaintiff's inability to respect the Court's authority by complying with explicit instructions, the efficacy of lesser sanctions, that is, dismissal without prejudice, will not curb this plaintiff's conduct and would unduly prejudice defendants. Should this have been the first, or even second, instance of noncompliance by plaintiff, dismissal without prejudice would be more appropriate. However, through his conduct in this litigation, plaintiff has demonstrated willful disregard for court orders and procedure. For these reasons, dismissal with prejudice of this action is warranted.

## III.    CONCLUSION

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), the Court **ORDERS** this matter is hereby **DISMISSED WITH PREJUDICE**.

It is SO ordered.

DATED September 28, 2011.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge